THOMAS PATRICK MINOGUE, PETITIONER-APPELLANT,
v. LAWRENCE PACKAGING SUPPLY CORP., RESPONDENT-APPELLEE.

Superior Court of New Jersey
Appellate Division

Argued March 25, 1971—Decided July 1, 1971.

Before Judges CONFORD, KOLOVSKY and CARTON.

*Mr. Jack Mandell* argued the cause for petitioner (*Messrs. Balk, Jacobs, Goldberger & Mundell,* attorneys).

*Mr. Theodore E. Maloof* argued the cause for respondent (*Messrs. Vaccaro and Osborne,* attorneys).

The opinion of the court was delivered by

CONFORD, P. J. A. D. The question presented on this appeal is whether the Division of Workmen's Compensation, when awarding petitioner 100% permanent disability of his right hand for injuries thereto while at work, was required to deduct the amount of an award for a previous employment accident resulting in the amputation of part of the index finger of that hand. The statutory provision requiring construction is *N. J. S. A.* 34:15-12(d). The Division ruled a deduction was not called for; the Essex County Court held to the contrary. 111 *N. J. Super.* 510 (1970).

The issue presented has its difficulties. Our conclusion is for reversal of the County Court judgment.

The judge of compensation described the amputation resulting from the earlier 1964 accident as involving "one-half an inch of flesh and perhaps bone" (up to the first joint). For that he was previously awarded 40% disability of the finger ($800).

The accident resulting in the award under review occurred in May 1967 when petitioner's right hand slipped off a machine and was caught and crushed between two rollers. The accident required surgery. Medical testimony on petitioner's behalf indicated that after the accident there was "marked gross deformity involving the entirety of the hand with shortening through the metacarpal level of all of the fingers" and gross atrophy of muscalature. Wrist extension was re-

stricted 30 degrees. Use of fingers for grasp was precluded. There were gross neurovascular changes, residuals of multiple metacarpal fractures and loss of tendon function. After surgery there was slight increase in hand vascularization but no benefit in terms of functional capacity of the hand.

On credible proofs the lower tribunals found the hand to be totally and permanently disabled.

Prior to the 1967 accident and after the 1964 amputation petitioner could bend the finger involved without pain although with some restriction, but he could not bend it at all after the 1967 accident and surgery.

Both tribunals below allowed petitioner 100% of the right hand and 12½% of permanent partial disability for neuropsychiatric injury. Neither of these awards is in issue on this appeal.

The pertinent statutory provision, *N. J. S. A.* 34:15–12(d) (added to the Compensation Act by *L.* 1956, *c.* 141), reads:

> If previous loss of function to the body, head, a member or an organ, due to any previous compensable accident or accidents, is established by competent evidence, and subsequently an injury arising out of and in the course of an employment occurs to that part of the body, head, member or organ, where there was a previous loss, then and in such case, the employer or his insurance carrier at the time of the subsequent injury shall not be liable for any loss for which compensation has previously been paid or awarded. In either event, credit shall be given the employer or his insurance carrier to the extent of the previous loss for which compensation has been paid.

Respondent argues for its view as to the intended purport of the foregoing, in short, that the later accident and injury to the hand was to the same part of the body where there was a previous loss (*i. e.*, to the finger as an anatomical part of the hand) ; that the loss to the finger was a part of the same loss compensated by the second award, and consequently the statute requires the deduction of the first award.

Petitioner's argument is two-fold:

(1) *N. J. S. A.* 34:15–12(c) schedules certain "members" of the body for fixed loss awards, including various fingers

of the hand, individually, or the hand, separately (including thumb and first and second fingers of the same hand, or four fingers of the same hand, respectively, as a unit equivalent to a hand). Subsection (d)'s reference to previous loss to a "member" should be construed *in pari materia,* and therefore an injury to the anatomical hand as a whole is not an injury "to * * * that member" or part thereof previously injured where the prior injury was to a single finger of the hand. In this connection petitioner cites the Statement appended to the bill that became *L.* 1956, *c.* 141, which says: "The provision relative to the employer * * * being allowed credit for any payments made in connection with a previous compensable accident to the *same part of body, head, member, or organ* is equitable." (Emphasis added.)

(2) If the later disability is total to the member or part of the body involved, the product of the later accident, and is not contributed to at all by the disability arising out of the prior accident, then no deduction should be allowed, because in such case it cannot be said that the loss compensated by the prior award is in actuality any part of the loss for which the later award is made. *Nelson v. Meeker Foundry Co.,* 30 *N. J.* 139 (1959), and *Caputo v. Kero,* 84 *N. J. Super.* 279 (App. Div. 1964), are cited to support this phase of petitioner's position.

In *Nelson, supra,* the earlier injury in 1931 entailed the loss of the thumb and the first two fingers of the left hand (not at that time scheduled as equivalent of loss of the hand); the second accident in 1956 caused the loss of the fourth finger of the same hand. Thereafter disability of the hand was total. Subsection (d) had not yet been enacted as of the occurrence of the second accident, and the court's decision was independent thereof. In determining that the act required the deduction of the award for the first accident from an adjudicated award of total disability of the hand consequent upon the second accident, the court stressed (30 *N. J.,* at 148) that "* * * it is the combination of the two accidents which produced petitioner's disability. In the ab-

sence of the first injury the second could not have resulted in the disability to the entire hand." It was "the 1956 (later) accident which * * * brought his hand disability to total" (*id.*), and it "would not be just to charge the employer, who had already paid compensation for the earlier digital loss, with total loss of the hand." [at 149] In so ruling the court cited (at 149) the provision here under analysis in the following manner: "*Cf. N. J. S. A.* 34:15–12(d)," thereby indicating that the policy underlying the section now before us for construction lent some support to the rationale of the court's conclusion. This may possibly indicate that the court would interpret subsection (d) in accord with the second phase of petitioner's argument.

This court, in *Caputo v. Kero, supra,* accepting *Nelson* as authoritative in relation to a *post*-subsection (d) situation, distinguished it, in refusing credit for a prior award, on the ground that in the case before it there was no functional loss-relationship between the earlier and later injuries there involved 84 *N. J. Super.,* at 281–282. We thus inferentially applied the *Nelson* rationale to the problem under examination.

In the case before us it was expressly found by both lower tribunals that petitioner's present total disability of the right hand was due entirely to the current accident and not at all to the prior one. These conclusions appear to be supported by the proofs. It is evident therefrom that the nature of the trauma sustained by the hand in the second accident was such that the hand would have been totally disabled without regard to the debatable contributory effect, if any, of the earlier injury to the finger to any disability of the hand as a whole.

The parties have argued before us the effect which should be accorded the decision in *Heidel v. Wallace & Tiernan,* 37 *N. J. Super.* 522 (Cty. Ct. 1955), aff'd o. b. 21 *N. J.* 335 (1956), decided prior to adoption of *L.* 1956, *c.* 141. Because the court there disallowed a deduction for a prior award, and the Legislature shortly thereafter adopted what

is now subsection (d), respondent argues that today the *Heidel* case would have to be decided the other way. It further contends the *Heidel* fact situation is similar to that here presented. We are not too certain of the merits of the first hypothesis stated. Compare the discussions of *Heidel* in *Nelson* (30 *N. J.*, at 148) and *Caputo* (84 *N. J. Super.*, at 281–282). But even if we accepted it, the facts there were substantially different from here. In *Heidel* the hand was substantially useless after the first and before the second accident, at least in legislative contemplation, as the first loss was of four fingers of one hand which the statute scheduled as loss equivalent to loss of the hand. (The second accident entailed amputation below the elbow, which is also statutorily the loss of a hand.) In other words, the first accident most decidedly contributed toward total disability of the hand. In the instant case, by contrast, as noted above, the whole present total disability of the hand is substantially all attributable to the second accident without significant contributive effect by the first.

The County Court judge found apposite an Illinois statute and the interpretation thereof by the Illinois Supreme Court. There are sufficient differences between the Illinois statute and our own to render the Illinois decision of little help in deciding this case.

Citation of authority is not needed to support the thesis that the Workmen's Compensation Act, as beneficent social legislation for the amelioration of the condition of injured workmen, should be construed liberally in their favor. The discussion aforesaid establishes that the position with respect to subsection (d) advocated by respondent is at least attended by considerable doubt on the facts here presented. On the other hand, that advocated by petitioner has the seeming support of the reasoning in the opinion of this court in *Caputo, supra*. We therefore hold that where, as here, the prior accident has been but minimally contributive to any disability of the hand existing after that accident, and the second accident and injury is the effective and sub-

stantially sole cause of the ultimate disability to the hand, the statute does not call for deduction of an award for the first injury.

The judgment of the County Court is reversed and that of the Division of Workmen's Compensation reinstated.